Kathryn Ross
Attorney at Law
1611 Telegraph Avenue, Suite 806
Oakland, CA 94612
Voice: (510) 705-1983
Cell: (415) 297-1262
Fax: (510) 705-1983
Email: katie@kathrynrosslaw.com

Counsel for Defendant
JOSE IVAN CRUZ-CACERES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JOSE IVAN CRUZ-CACERES,<br><br>    Defendant. | Case No.  21-mj-70900-MAG<br><br>**DEFENDANT JOSE IVAN CRUZ-CACERES' MOTION FOR PRETRIAL RELEASE (18 U.S.C. §3142) AND OPPOSITION TO GOVERNMENT'S DETENTION MEMO** |

**INTRODUCTION**

As reported in the June 2, 2021 "Pre-Bail Report", Jose Ivan Cruz-Caceres is 31-years-old and has lived in the Bay Area for over four years. This information was confirmed by Marissa Giani, an American citizen and Mr. Cruz-Caceres' partner, with whom he has a daughter. Ms. Giani has offered to act as a surety and has a stable residence with her parents in Menlo Park where Mr. Cruz-Caceres can live if he is released on bond.

1   MOTION FOR PRETRIAL RELEASE AND
    OPPOSITION TO GOVERNMENT'S
    DETENTION MEMO.
    Case No.  21-mj-709000- MAG

The government's detention memo (served on counsel on June 2, 2021)[1] argues at great length and in great detail about the danger Mr. Cruz-Caceres' co-defendant, Mr. Castro, poses to the community and presents detailed evidence to argue why Mr. Castro poses a flight risk. The government then asserts that those specifics apply equally to Mr. Cruz-Caceres.

Due process requires that we judge each defendant individually. Focusing on his situation, conditions can be set to ensure that Mr. Cruz-Caceres poses neither a flight risk nor a danger to the community.

**ARGUMENT**

I. **CREDIBLE EVIDENCE EXISTS TO ADQUATELY ENSURE MR. CRUZ-CACARES' APPEARANCE AND TO PROTECT THE COMMUNITY SO AS TO OVERCOME ANY PRESUMPTION THE COURT MAY APPLY.**

Mr. Cruz-Caceres has been charged by complaint with 21 U.S.C. §§846, 841(b)(1)(B), Conspiracy to Distribute More than 40 Grams of Fentanyl. He is charged in one count and, by virtue of what is set out in the complaint and the government's detention memo, it appears that his alleged role in the conspiracy was to serve as a courier.

In cases such as this, where a defendant is charged with a Controlled Substances Act and faces a maximum of over 10 years or more in prison, under 18 U.S.C. §3142(e)(3)(A), in order to trigger a presumption that no condition or combination of conditions will reasonably assure the appearance as required and the safety of the community, there must be probable cause that a defendant committed the offense. Here, it bears emphasis that Mr. Cruz-Caceres appears before this court by way of a complaint, a document of pure hearsay, not an indictment.

---

[1] Presumably because of the provisional nature of the appointment, defense counsel were not served with the briefing through ECF.

2   MOTION FOR PRETRIAL RELEASE AND
OPPOSITION TO GOVERNMENT'S
DETENTION MEMO.
Case No.  21-mj-709000- MAG

Rebutting the presumption of risk of flight and dangerousness "imposes only a burden of production on a defendant, and the government retains the burden of persuasion." *U.S. v. Alderson,* 2019 WL 926604 (E.D. Mich. 2019) citing *United States v. Stone*, 608 F.3rd 939, 945 (6th Cir. 2010). Should this Court be satisfied that probable cause of the charge exists, Mr. Cruz-Caceres' strong ties to the community, lack of a violent record, and the structured environment his proposed living arrangement in Menlo Park will offer, provide ample credible evidence to rebut the presumption.

**A. Mr. Cruz-Caceres Does Not Pose a Fight Risk**

Mr. Cruz-Caceres' ties to the community are strong. He has lived in the Bay Area for over 4 years and has an almost three-year-old child with his partner, Marissa Giani. He can reside with Ms. Marissa Giani (now three years sober), their daughter, and her parents at Ms. Giani's parent's home in Menlo Park. This stable residence can be verified by Pretrial Services.

Ms. Giani is willing to act as a surety for Mr. Cruz-Caceres. As reflected in the Pre-Bail Report, while Ms. Giani had petty, drug-related problems with the law in the past, her criminal record also reflects her three years of sobriety, with no offenses since 2017.

Ms. Giani's father, Steven Giani, works as a locksmith. He has invited Mr. Cruz-Caceres to live in their family home in Menlo Park. Mr. Giana will impose no requirement that Mr. Cruz-Caceres pay rent, though he will welcome help around the home and with the care of his grandson.

The employment services offered through Pretrial will provide Mr. Cruz-Caceres with the help he needs to provide a steady source of financial assistance to his family. His presence will provide the child-care necessary to allow Ms. Giani to work.

**B. Mr. Cruz-Caceres Does Not Pose a Danger to the Community**

The current charges provide the sole basis for the claim that Mr. Cruz-Caceres presents a danger to the community. He has no criminal record, save for a detention and no evidence has been

3   MOTION FOR PRETRIAL RELEASE AND
    OPPOSITION TO GOVERNMENT'S
    DETENTION MEMO.
    Case No. 21-mj-709000- MAG

presented linking him to guns. Oversight by pretrial services, combined with an electronic bracelet, will ensure that Mr. Caceres will not engage in criminal behavior on pretrial release.

### C.  Mr. Cruz-Caceres has Met the Burden of Production

Having established sufficient ties to the community and a lack of danger, Mr. Cruz-Caceres has adduced sufficient evidence to rebut the presumption of dangerousness and risk of flight. (See eg: *U.S. v. Alderson,* 2019 WL 926604 (E.D. Mich. 2019), Jobs and custodian rebuts presumption; *U.S. v O'Brien*, 895 F.2nd 810, 816 (1st Cir. 1990), Use of an electronic bracelet "arguably" rebuts presumption.)

## II.     The Government Cannot Demonstrate that No Condition or Combination of Conditions will Reasonably Assure Appearance of Mr. Cruz-Caceres and the Safety of the Community.

With the presumption rebutted, "the government must convince a neutral decisionmaker by clear and convincing evidence that no set of conditions of release can reasonably assure the safety of the community." *United States v. Salerno,* 481 U.S. 739, 750 (1987). Here they do not.

The government argues that Mr. Cruz-Caceres poses a flight risk as well as a danger to the community. It bases the risk of flight on the fact that co-defendants were heard on a wiretap discussing ties to Honduras, access to money and smugglers, and making statements that people should flee if released. Document 9, Detention Memo, at 12-13. Noticeably absent from this argument are any specifics pointing to Mr. Cruz-Caceres as part of this wiretap evidence. The government's only *specific* reference to Mr. Cruz-Caceres being "part of a plan to flee" comes from when he was allegedly overheard in a post-arrest conversation with the other co-defendants saying that they would rather go back to Honduras than spend time in a U.S. jail. Id. at 12.

4   MOTION FOR PRETRIAL RELEASE AND
    OPPOSITION TO GOVERNMENT'S
    DETENTION MEMO.
    Case No.  21-mj-709000- MAG

The government goes on to argue, in depth, that all of the defendants pose a danger to the community because of the danger of fentanyl. Id. at 14-17. While the weight of the evidence is a factor for this court to consider, the probative issue here is the weight of the evidence of dangerousness, not of guilt. *Stone, supra,* at 948, citing *United States v. Hazime*, 762 F. 2nd 34, 37 (6th Cir. 1958). Mr. Cruz-Caceres does not dispute the danger of fentanyl and its toll on a community. Mr. Cruz-Caceres does dispute the notion that the conditions of release he proposes do not provide adequate assurance of community protection.

Mr. Cruz-Caceres is not a member of a gang and has no criminal history, save for a prior detention.[2] No guns, or discussion of weapons have been alleged specifically against him. He drinks occasionally and reported recreational use of cocaine that ended a year ago[3]. As noted, he will be released to a stable home and will focus on providing for his family. With electronic monitoring and supervision, the community can be assured that he will not engage in criminal behavior.

## CONCLUSION

For all of the foregoing reasons, and those presented at oral argument, Mr. Cruz-Caceres respectfully requests that this Court to deny the government's request for detention.

Dated: June 3, 2021

Respectfully Submitted,

*/s/ Kathryn Ross*
KATHRYN ROSS
Attorney for Jose Ivan Cruz-Caceres

---

[2] Mr. Cruz-Caceres takes issue with pre-trials characterization of a prior detention as a "pattern of similar criminal history activity." (See Bail Report, at 6.)

[3] Mr. Cruz-Caceres takes issue with pre-trials characterization that he has a "substance abuse history." (See Bail Report, at 6.)

5   MOTION FOR PRETRIAL RELEASE AND
    OPPOSITION TO GOVERNMENT'S
    DETENTION MEMO.
    Case No.  21-mj-709000- MAG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

6   MOTION FOR PRETRIAL RELEASE AND
    OPPOSITION TO GOVERNMENT'S
    DETENTION MEMO.
    Case No.  21-mj-709000- MAG