JEFFREY L. BORNSTEIN – 099358
CAROLINE E. JACKSON – 329980
ROSEN BIEN GALVAN & GRUNFELD LLP
101 Mission Street, Sixth Floor
San Francisco, California 94105-1738
Telephone: (415) 433-6830
Facsimile: (415) 433-7104
Email: jbornstein@rbgg.com
       cjackson@rbgg.com

Attorneys for Defendant ELMER ROSALES-MONTES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAVIER CASTRO BANEGAS-MEDINA, ELMER ROSALES-MONTES, JOSE IVAN CRUZ-CACERES, JIHAD JAD TAWASHA, MARIO ISABEL CRUZ-CALIX, YENY LIZETH FERNANDEZ-REYES (a/k/a YENY FERNANDEZ), HEATHER RAE BORGES, and WILLIAM JOSEPH HAUGHREN JR.,<br><br>　　　　Defendants. | Case No. 4:21-mj-70900-MAG<br><br>**MOTION IN SUPPORT OF PRE-TRIAL RELEASE FOR DEFENDANT ELMER ROSALES-MONTES AND OPPOSITION TO GOVERNMENT'S MOTION TO DETAIN MR. ROSALES-MONTES**<br><br>Date:　June 4, 2021<br>Time:　1:00pm<br><br>Judge:　Hon. Magistrate Donna M. Ryu |

**INTRODUCTION**

As confirmed by the Pretrial Services Report, Elmer Rosales-Montes is a 28-year-old new father who has lived in the Bay Area for several years.[1] He has limited skills and education but is earnest and cares deeply for his Oakland family. Over the past four years, he has developed and maintained close ties with Yadira R., an Oakland resident, with whom he has a five-month-old son, Elmer Miguel. Mr. Rosales-Montes contributes money to support Yadira and his son. Both will be seriously impacted by losing Mr. Rosales-Montes' emotional and financial support.[2]

The government's detention memo (served on counsel on June 2, 2021) argues at length about the danger that Mr. Rosales-Montes's co-defendant, Mr. Castro, poses to the community and his risk of flight. Despite presenting extensive evidence of Mr. Castro's danger and flight risk, however, the government presents no evidence about the risks that Mr. Rosales-Montes poses individually except by lumping him in together with the other people who were arrested with him and referring to them collectively. *See, e.g.*, Detention Memo, Dkt. No. 9 at 12 (referencing a discussion among "the four men" regarding the idea of flight); *id.* at 18 (describing Mr. Castro's apparent danger to the community, and asserting "[t]he other defendants are likely to do the same").

Due process requires that we judge each defendant individually. Treating Mr. Rosales-Montes as an individual, conditions can be set to ensure that he poses neither a flight risk nor a danger to the community.

/ / /

/ / /

/ / /

---

[1] The Pretrial Services Report is inconsistent as to how long Mr. Rosales-Montes has been in the United States. Although the report states he has been in the Bay Area for two years, it states he has been with his new baby's mother and the person he considers to be his wife for four years and cites an arrest for "Alien Inadmissibility" seven years ago.

[2] Yadira has stated that she intends to attend Mr. Rosales-Montes' detention hearing and would welcome him into her home.

# ARGUMENT

## I. Conditions Can Be Set That Adequately Ensure Mr. Rosales-Montes' Appearance And That Protect The Community, Overcoming Any Presumption That May Apply

Mr. Rosales-Montes has been charged by complaint with 21 U.S.C. §§846, 841(b)(1)(B), Conspiracy to Distribute More than 40 Grams of Fentanyl.  He is charged in one count and, by virtue of what is set out in the complaint and the government's detention memo, it appears that his alleged role in the conspiracy was to serve as a courier.

In cases such as this, where a defendant is charged with a Controlled Substances Act and faces a maximum of over 10 years or more in prison, under 18 U.S.C. § 3142(e)(3)(A), in order to trigger a presumption that no condition or combination of conditions will reasonably assure the appearance as required and the safety of the community, there must be probable cause that a defendant committed the offense. Here, it bears emphasis that Mr. Rosales-Montes appears before this court by way of a complaint, a document of pure hearsay, not an indictment.

Rebutting the presumption of risk of flight and dangerousness "imposes only a burden of production on a defendant, and the government retains the burden of persuasion." *U.S. v. Alderson*, 2019 WL 926604 (E.D. Mich. 2019) (citing *United States v. Stone*, 608 F.3rd 939, 945 (6th Cir. 2010)).  In assessing the risk of flight, "[a]lienage may be taken into account, but it is not dispositive." *United States v. Santos-Flores*, 794 F.3d 1088, 1090 (9th Cir. 2015).  Rather, "the risk of nonappearance ... must involve an element of volition." *Id.* at 1091.

Should this Court be satisfied that probable cause of the charge exists, Mr. Rosales-Montes' ties to the community, lack of a violent history, and the structured environment of a halfway house with the added protection of an electronic bracelet, provide ample credible evidence to rebut the presumption.

/ / /

/ / /

### A. Mr. Rosales-Montes Does Not Pose Danger To The Community

The Pretrial Services Report corroborates that Mr. Rosales-Montes poses no danger to the community if released.  The current charges provide the sole basis for the claim that Mr. Rosales-Montes presents a danger to the community.  He has no criminal record, save for an immigration charge, and the government has presented no evidence linking him to guns, other weapons, or threats of violence.  He has no history of drug use and, as corroborated by Yadira, drink alcohol only occasionally.  His sole role in the enterprise alleged is as a courier—he runs errands, but there is no allegation in the complaint that he is heard on any of the alleged wire taps, her was not even driving his own car when it was stopped and there is nothing that suggests he is otherwise dangerous.

### B. Mr. Rosales-Montes Is Not A Flight Risk

While he has maintained contact with his family in Honduras, Mr. Rosales-Montes' life is here.  He has lived in the Bay Area for many years.  Over the past four years, he has maintained a relationship with Yadira, whom he describes as his "wife," and with whom he has a five-month-old son.  Although unable to provide him with a surety or a place to live, Yadira has repeatedly expressed her faith in and commitment to Mr. Rosales-Montes. Mr. Rosales-Montes has also maintained a consistent pattern of employment, working in construction, in the same supermarket with Yadira, and at bakery.  He understands that he could be sentenced to a term in prison if he is found guilty but asks for the opportunity to work so he can provide for his family.  This is especially important because Yadira cannot yet resume working. Mr. Rosales-Montes Has Met The Burden of Production

Having established sufficient ties to the community and a lack of danger, Mr. Rosales-Montes has adduced sufficient evidence to rebut the presumption of dangerousness and risk of flight.  *See e.g.*, *U.S. v. Alderson*, 2019 WL 926604 (E.D. Mich. 2019) (employment rebuts presumption); *U.S. v. O'Brien*, 895 F.2d 810, 816 (1st Cir. 1990) (use of an electronic bracelet "arguably rebuts the presumption of flight").

/ / /

/ / /

## II. The Government Cannot Demonstrate That No Condition Or Combination Of Conditions Will Reasonably Assure Appearance Of Mr. Rosales-Montes And The Safety Of The Community

With the presumption rebutted, "the government must convince a neutral decisionmaker by clear and convincing evidence that no set of conditions of release can reasonably assure the safety of the community." *United States v. Salerno*, 481 U.S. 739, 750 (1987); *see United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). They do not.

The government argues, without evidence, that Mr. Rosales-Montes poses a flight risk as well as a danger to the community. It bases the risk of flight on the fact that a different defendant, Mr. Castro, was heard on a wiretap discussing ties to Honduras, access to money and smugglers, and making statements that people should flee if released. *See* Detention Memorandum, Dkt. No. 9 at 12-13. However, the government presented no evidence whatsoever specific to Mr. Rosales-Montes. The government admits to having no evidence that Mr. Rosales-Montes owns property in Honduras. The government's only specific reference to Mr. Rosales-Montes having any ability or plan to flee comes from when he was allegedly overheard in a post-arrest conversation with the other co-defendants saying that "they" would rather go back to Honduras than spend time in a U.S. jail. *Id.* at 12. However, the government has not produced a transcript of the conversation nor quoted any portion of it. *Id.* at 8.

The government goes on to argue, in depth, that all of the defendants pose a danger to the community because of the danger of fentanyl. *Id.* at 14-17. While the weight of the evidence is a factor for this court to consider, the probative issue here is the weight of the evidence of dangerousness, not of guilt. *Stone*, 608 F.3d at 948 (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1958)). Mr. Rosales-Montes does not dispute the danger of fentanyl. Mr. Rosales-Montes disputes the notion that the conditions of release he proposes fail to "reasonably assure the appearance of [Mr. Rosales-Montes] as required and the safety of any other person and the community." *See* 18 U.S.C. § 3142(f).

Mr. Rosales-Montes proposes release to a halfway house, where he would be supervised and unable to engage in further criminal behavior. Given that he has no history of violence or threats of violence, and no alleged access to guns or other weapons, the level of supervision available in a halfway house adequately protects the community.

Mr. Rosales-Montes' community ties and lack of financial resources are sufficient to ensure his appearance at trial. Mr. Rosales-Montes has maintained a romantic relationship with his "wife" and mother of his child four years. He supports his wife and new son however he can, resulting in him having no savings or assets of value that he could use to flee the jurisdiction. Indeed, his only asset of value, a car, has been in the government's custody since late April. Mr. Rosales-Montes has also shown a consistent ability to find employment, only having left his most recent job the same month he was arrested. Especially with the employment assistance that pretrial service provides, Mr. Rosales-Montes should be able to find and maintain employment, allowing him to continue to support his wife and son.

If released to a halfway house under electronic monitoring and permitted to work, the community can be assured he will not engage in criminal behavior, the Court can be assured he will appear, and his family can be assured of his continued financial support. Thus, the government has not met their burden of persuasion and the Court should order Mr. Rosales-Montes' supervised release. *C.f.*, *Alderson*, 2019 WL 926604 (in drug trafficking case, lack of alleged acts of violence or access to weapons and recent criminal history, coupled with local family and community ties, sufficient for court to order pretrial release).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## CONCLUSION

For all of the foregoing reasons, and those presented at oral argument, Mr. Rosales-Montes respectfully requests that this Court to deny the government's request for detention.

DATED: June 4, 2021  Respectfully submitted,

ROSEN BIEN GALVAN & GRUNFELD LLP
JEFFREY L. BORNSTEIN
CAROLINE E. JACKSON

By: */s/ Caroline E. Jackson*
Caroline E. Jackson

Attorneys for Defendant ELMER ROSALES-MONTES